UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **QUINTON ELDRIDGE CRUCE** § <br> **Plaintiff,** § <br> § <br> **V.** § <br> § <br> **LAMPASAS COUNTY, TEXAS, THE** § <br> **CITY OF LAMPASAS, LAMPASAS** § <br> **COUNTY SHERIFF'S OFFICE,** § <br> **LAMPASAS POLICE DEPARTMENT,** § <br> **OFFICER LARRY C. WILSON,** § <br> **OFFICER JOSH WATSON, DEPUTY** § <br> **LOGAN JONES AND DEPUTY DENNIS** § <br> **JAMES** § <br> **Defendants.** § | **CAUSE NO. 1:18-cv-00420** |

## ORIGINAL COMPLAINT

Plaintiff Quinton Eldridge Cruce files this Original Complaint against Lampasas County, Texas, The City of Lampasas, Lampasas County Sheriff's Office, Lampasas Police Department, Officer Larry C. Wilson, Officer Josh Watson, Deputy Logan Jones and Deputy Dennis James, pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, the Texas Tort Claims Act, and the common law of the State of Texas, and respectfully shows as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Quinton Eldridge Cruce is an individual and citizen of the State of Texas who resides in Copperas Cove, Coryell County, Texas.

2. Lampasas County, Texas (the "County") is a political subdivision of the State of Texas which is located in the Western District of Texas, Austin Division. Lampasas County may be served with process by serving County Judge Wayne L. Boultinghouse, who is located at the Lampasas County Courthouse, 501 E. 4th St., Lampasas, Texas 76550. Plaintiff brings his claims

1

against Lampasas County directly under 42 U.S.C. § 1983 as allowed by law for its customs, policies and practices as set forth herein.

3. The City of Lampasas (the "City") is a political subdivision of the State of Texas which is located in the Western District of Texas, Austin Division. The City of Lampasas may be served with process by serving the City Manager, Finley Degraffenreid, who is located at the 312 E. Third St., Lampasas, Texas 76550. Plaintiff brings his claims against the City directly under 42 U.S.C. § 1983 as allowed by law for its customs, policies and practices as set forth herein.

4. The Lampasas County Sheriff's Office (the "Sheriff's Office") is a law enforcement agency of the County. The Sheriff's Office may be served with process by serving Sheriff Jesus G. Ramos, 410 E. 4th St., Lampasas, Texas 76550. Plaintiff brings claims against the Sheriff's Office directly under 42 U.S.C. § 1983 as allowed by law for its customs, policies and practices as set forth herein.

5. Lampasas Police Department (the "Police Department") is a law enforcement agency of the City of Lampasas, Texas. The Police Department may be served with process by serving Police Chief Sammy Bailey, 301 E. 4th St., Lampasas, Texas 76550. Plaintiff brings claims against the Police Department directly under 42 U.S.C. § 1983 as allowed by law for its customs, policies and practices as set forth herein.

6. Officer Larry C. Wilson ("Wilson") is an individual law enforcement officer employed by the Lampasas Police Department. Wilson may be served at the Lampasas Police Department, 301 E. 4th St., Lampasas, Texas 76550, or wherever he may be found. Plaintiff brings this suit against Wilson in his individual capacity for his own personal acts and omissions committed while acting under color of statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Lampasas and/or the Police Department as described herein.

7. Officer Josh Watson ("Watson") is an individual law enforcement officer employed by the Lampasas Police Department. Wilson may be served at the Lampasas Police Department, 301 E. 4th St., Lampasas, Texas 76550, or wherever he may be found. Plaintiff brings this suit against Wilson in his individual capacity for his own personal acts and omissions committed while acting under color of statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Lampasas and/or the Police Department as described herein.

8. Deputy Logan Jones ("Jones") is an individual law enforcement officer previously employed by the Lampasas County Sheriff's Office. Jones may be served with process wherever he may be found. Plaintiff brings suit against Jones in his individual capacity for his own personal acts and omissions committed while acting under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the County and/or the Sheriff's Office as described herein.

9. Deputy Dennis James ("James") is an individual law enforcement officer employed by the Lampasas County Sheriff's Office. James may be served with process at his place of employment, 410 E. 4th St., Lampasas, Texas 76550, or wherever he may be found. Plaintiff brings suit against James in his individual capacity for his own personal acts and omissions committed while acting under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the County and/or the Sheriff's Office as described herein.

10. This Court has personal jurisdiction over the Defendants, each of whom is a political subdivision of the State of Texas (County), a law enforcement agency of a political subdivision of the State of Texas (Sheriff's Office and Police Department), or a citizen of Texas (Wilson, Watson, Jones and James).

11. This Court has original federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff brings federal causes of action pursuant to 42 U.S.C. § 1983. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to address Plaintiff's state law claims.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in the Western District of Texas and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas.

## I. INTRODUCTION AND FACTS

13. Our country prides itself on being "[a] government of laws, and not of men." As a nation, we believe the "rule of law" is what distinguishes our civilized nation 1 Adams, John. "The Novanglus Essays." *The Federalist Papers Project* Essay No. 7: 66-80. The Federalist Papers. Web. 10 Nov 2015. from what we often see on the news from around the world. In this country, we want to take for granted that our law enforcement officers will uphold and not violate the law. In the United States, members of law enforcement are not supposed to assault people for no good reason as they are being arrested. United States citizens are not supposed to face trumped up charges. That is only supposed to happen in other countries where the "rule of law" is not observed.

14. Nearly always, law enforcement officers in this country honor their oaths, uphold the law, and vigorously defend the Constitution of the United States. Unfortunately, however, that is not always the case. On occasion, officers charged with enforcing the laws, instead break them. In this digital age, such rare instances are sometimes captured on camera. Such cases present an opportunity to correct course, to punish those responsible, and most importantly, to vindicate the constitutional principles and rights enshrined in the United States and Texas Constitutions. This is such a case.

15. According to Jones' affidavit, on May 25, 2017, shortly after 3:20 a.m., Jones and James (collectively the "Deputies") responded to a "reckless driver" complaint at Farm-to-market Road 580, heading toward Lampasas, Texas, and later turning onto US-183 (Key Avenue), Lampasas, Texas. At all material times, the Deputies were acting under color of law on behalf of the County and as law enforcement officers of the Sheriff's Office.

16. Deputy Jones observed Plaintiff operating his vehicle and approached Plaintiff with his emergency lights, when Plaintiff turned onto North Avenue, pulled to the right shoulder of the road, and stopped the vehicle.

17. A dash cam was installed on Deputy Jones' vehicle, which depicted the events to follow. Nearly all of the material events are therefore not subject to reasonable dispute.

18. On the dash cam, Deputy Jones can be seen approaching Plaintiff's vehicle with his lights flashing. After Plaintiff refused to exit his vehicle, Deputy Jones became frustrated.

19. Plaintiff eventually exited the vehicle, and did not move or otherwise take any action that could reasonably be construed as threatening to Deputy Jones.

20. The Probable Cause Affidavit completed by Deputy Jones alleged that Plaintiff "elbowed Deputy Jones in the chest", an event that did not occur as evidenced by the dash cam video from Deputy Jones' cruiser.

21. Plaintiff, who feared for his life, did not resist at all and allowed Deputy Jones to put his hands behind his back and to begin putting handcuffs on him.

22. Deputy Jones then proceeded to violently and viciously attack Plaintiff, by first performing an arm-triangle choke on Plaintiff, tackling him and driving him into the ground. After throwing him to the ground, Deputy Jones then pinned Plaintiff by placing both legs and torso over Plaintiff's body, and Deputy Jones then proceeded to strike Plaintiff in the face several

times. The only movement Plaintiff made was the raising of his hands, in an attempt to shield his face from these vicious blows.

23. Instead of offering any type of assistance to Plaintiff during this ruthless beating, the assisting officers merely stood by and watched as Deputy Jones pummeled Plaintiff's face with his fists. Either Wilson or Watson is also seen in the video holding Plaintiff's legs as Jones continues the brutal beating.

24. The video plainly shows that at no point during the entire incident did Plaintiff assault any of the Deputies or Officers. The Deputies and Officers in turn had no legal basis or justification whatsoever for assaulting Plaintiff who was defenseless.

25. The Deputies then arrested Plaintiff and took him to the Lampasas County Jail. With the knowing cooperation of Wilson, Watson and James, Jones then intentionally fabricated several criminal charges against Plaintiff despite knowing he was innocent of each. Specifically, Jones charged Plaintiff with "Interference with Public Duties," a Class B Misdemeanor, "Resist Arrest Search of Transport", a Class A Misdemeanor, Assault Public Servant, a Class A Misdemeanor, and "Driving While Intoxicated," a Class B misdemeanor. Jones swore *under oath* that Plaintiff assaulted Jones knowing that Jones was the one who actually attacked Plaintiff and attempted to throw him to the ground without provocation. Jones filled out false affidavits in support of each of these charges, thereby himself committing at least two counts of aggravated perjury among other state and federal crimes and violating Plaintiff's civil rights.

26. Jones's affidavits are contradicted by the video of Plaintiff's arrest at which Jones himself was present and participated. The Deputies and Officers did not merely "rough Plaintiff up;" their plan after seriously injuring him was to lock him up for crimes they knew he did not commit.

27.     Plaintiff's bond was set at $6,000.00 and so he sat in jail, incarcerated on false charges. Plaintiff was released on bond, and barely made it to his highschool graduation on the evening of May 25, 2017. To compound matters, Plaintiff was humiliated by several news articles picturing him in the local newspapers and broadcasting his beating on several local and national television networks.

28.     Plaintiff is not guilty of all of the charges brought against him. Rather, Plaintiff is the victim of several crimes. Removing all doubt about what happened, the dash camera does not lie. Plaintiff did not resist or assault anyone.

29.     The Deputies and Officers physically attacked Plaintiff without any legal justification whatsoever and seriously injured him. Then they hauled him off to jail and brought sworn felony and misdemeanor charges against him; charges they knew were false. If this situation was not captured by the Deputies' dash camera, Plaintiff would still be in jail or worse, he would be in prison facing potential years of hard time.

30.     The Lampasas County District Attorney declined to prosecute the criminal charges brought against Plaintiff.

31.     On November 20, 2017, Plaintiff provided notice of his state law claims to Lampasas County, the City of Lampasas and the Lampasas County Sheriff's Department in accordance with the Texas Tort Claims Act.

## II. CAUSES OF ACTION

### A. Violations of Plaintiff's Civil Rights Under 42 U.SC. § 1983

32.     Plaintiff brings causes of action against all of the Defendants pursuant to 42 U.S.C. § 1983. Plaintiff's constitutional rights were violated in connection with his arrest and detention as set forth above. The Deputies and Officers are individually liable for their acts and omissions and

were acting under color of law in their capacity as law enforcement officers of Lampasas County and the Lampasas County Sheriff's Office, and the City of Lampasas and Lampasas Police Department. Lampasas County and the Lampasas County Sheriff's Office ("County Defendants") are liable because their customs, policies and practices caused and contributed to the violations at issue. The City of Lampasas and the Lampasas Police Department ("City Defendants") are liable because their customs, policies and practices caused and contributed to the violations at issue. The factual allegations in the above section entitled "INTRODUCTION AND FACTS" are incorporated by reference as if fully restated herein.

### *Unreasonable Seizure and Substantive Due Process – Excessive Force*

33.   Defendants used excessive force and therefore conducted an unreasonable seizure of Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, as set forth above, excessive and unnecessary force was used to detain Plaintiff. The conduct of the Deputies was objectively unreasonable in light of the totality of the facts and circumstances confronting them at the time. Plaintiff posed no immediate threat and was not actively resisting arrest or attempting to flee. As depicted in the video of the incident, no law enforcement officer could have reasonably concluded force was needed or appropriate to detain Plaintiff under the circumstances. Plaintiff sustained serious physical, mental and emotional injuries as well as other damages as set forth below.

### *Unreasonable Seizure and Substantive Due Process – Fabrication of Criminal Charges*

34.   By arresting and bringing false criminal charges against Plaintiff, Defendants conducted an unreasonable seizure and thereby violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants intentionally and knowingly seized Plaintiff and brought false criminal charges against Plaintiff for resisting arrest and assaulting

public servant. These charges were not supported by probable cause. Jones nonetheless signed sworn affidavits in support of the charges. While proof of malice is not required to support Plaintiff's claim, there is ample evidence to show the conduct at issue was intentional and knowing. Defendants' unlawful and criminal acts violated Plaintiff's Fourth and Fourteenth Amendment rights against unreasonable seizure and substantive due process. Plaintiff suffered and is entitled to recover damages as a result of these acts as set forth below.

### *County Defendants' Customs, Policies and Practices*

35. Lampasas County and its law enforcement agency, the Lampasas County Sheriff's Office ("County Defendants"), and the City of Lampasas and its law enforcement agency, the Lampasas Police Department ("City Defendants") promote, condone, tolerate or permit the use of excessive force and other violations of civil rights in connection with arrests and detentions through their customs, policies and practices. The County Defendants' and City Defendants' customs, policies and practices include a failure to train and supervise their law enforcement officers with regard to the proper constitutional use of force (among other things) as well as a failure to enforce such written policies as may exist. Additionally, The Lampasas County Sheriff's Office hired deputy Logan Jones knowing he had a history of excessive use of force.

36. These customs, policies and practices have resulted in other prior claims being brought against different law enforcement officers of the Lampasas County Sheriff's Office as well as the County Defendants. The end result is that the County Defendants have developed a deserved reputation for violating the constitutional rights of citizens.

37. The very fact that Jones was employed by the Lampasas County Sheriff's Department is indicative that the County Defendants promote those who are prone to violating citizens' civil rights. The facts alleged strongly imply that, for these Deputies and probably others, the violence

9

associated with Plaintiff's arrest is standard operating procedure in Lampasas County. The Deputies' conduct, especially that of Deputy Jones, is beyond tortious; they committed a variety of state and federal crimes. Yet, upon information and belief, the County Defendants have not brought any criminal charges against or even investigated their law enforcement agents for what they indisputably did even though they have been in possession of a video recording of the pertinent events for nearly eleven months. Even more aggravating, upon information and belief, the County Defendants have not taken any disciplinary action against the Deputies. Effectively, the County Defendants have ratified and approved of what the Deputies did in this case and very likely others.

### B. State Law Causes of Action

36.     Plaintiff also brings common law tort claims against Defendants. Only to the extent required by law, Plaintiff brings these claims pursuant to the Texas Tort Claims Act without waiver of any rights he may possess to pursue these claims without regard to those provisions. Specifically, Plaintiff brings claims against Defendants for assault and malicious prosecution. The factual allegations in the above section entitled "INTRODUCTION AND FACTS" are incorporated by reference as if fully restated herein.

*Notice and Use of Property*

37.     Defendants are liable to Plaintiff under the Texas Tort Claims Act. Plaintiff provided timely notice of his claims on November 20, 2017. Defendants made use of personal and real property in connection with the claims at issue including, without limitation, handcuffs and the Lampasas County jail.

10

*Assault*

38.     Defendants are liable to Plaintiff for assault. The Deputies and Officers intentionally, knowingly, or recklessly caused Plaintiff bodily injury as set forth above. As a result of the assault, Plaintiff suffered serious physical and mental injuries and other damages as set forth below.

*Malicious Prosecution*

39.     As set forth above, the Deputies intentionally brought charges against Plaintiff they knew were false and not supported by probable cause. Upon seeing the video of the incident, the Lampasas County District Attorney swiftly declined to prosecute Plaintiff thereby resulting in a termination of the proceedings in Plaintiff's favor. Plaintiff is completely innocent of the charges at issue. Defendants had no basis for believing there was probable cause to pursue the charges at issue. Rather, Defendants pursued those charges out of malice. Plaintiff was damaged as a result of Defendants' malicious prosecution as set forth below.

**C. Immunity Does Not Apply**

40.     No immunity or privilege shields any of the Defendants. The County Defendants and City Defendants do not possess Eleventh Amendment immunity with regard to Plaintiff's claims under 42 U.S.C. § 1983 as political subdivisions of the State of Texas. Further, given the facts, most of which are recorded on video and therefore not subject to reasonable dispute, there is no basis for any of the Deputies to assert the defense of qualified immunity as to any of Plaintiff's claims. The Deputies violated Plaintiff's well-established constitutional rights by attacking him without provocation, fabricating charges against him, and conducting a warrantless search of his property when no exception to the warrant requirement existed.

## III. MONETARY DAMAGES

41.  Plaintiff sustained general and special damages as a result of Defendants' violations of his civil rights as set forth herein. Plaintiff is entitled to both compensatory damages from all Defendants and punitive damages from the Deputies.

### *Physical Injuries and Related Damages*

42.  Defendants' use of excessive force caused serious bodily injury to Plaintiff. Plaintiff suffered pain, mental anguish and physical injuries as a result of the incident at issue which have impaired his enjoyment of life. Plaintiff suffered many bruises, to include a black eye, swollen nose and a laceration on Plaintiff's finger, as a result of Defendants' conduct.

43.  As a result of the incident, Plaintiff has suffered from pain and mental anguish in the past and in all likelihood will continue to suffer from such pain and mental anguish in the future.

### *Mental and Emotional Damages*

44. Plaintiff has sustained past and future mental and emotional damages as a result of the incident as well.

### *Public Humiliation*

45. Defendants' conduct resulted in the public humiliation of Plaintiff. Specifically, his arrest for the fabricated offenses was published in the local newspaper and aired on both local and national television news outlets which irreparably damaged his personal reputation in the community and abroad.

### *Other Consequential Damages*

46. Defendants' conduct resulted in Plaintiff's incarceration for a period of less than one day.

47. Defendants' conduct as set forth herein required him to retain criminal defense counsel at a cost of $2,500.00, to date. Plaintiff additionally had to post a $6,000.00 bond in order to get out

12

of jail.

### *Punitive and Exemplary Damages*

49. The Deputies and Officers are liable to Plaintiff for punitive and exemplary damages. Their conduct as set forth above was certainly intentional and deliberate. At a minimum, their acts demonstrated a reckless and callous indifference for Plaintiff's constitutional rights.

### IV. DECLARATORY RELIEF

50. Pursuant to 28 U.S.C. § 2201 Plaintiff seeks declaratory relief that his constitutional rights were violated. Specifically, as set forth above, Plaintiff seeks a declaratory judgment to the effect that: (1) that his Fourth Amendment rights were violated due to the excessive force utilized during Plaintiff's arrest; (2) that his Fourth Amendment rights were violated as a result of the fabricated charges pressed against him by Defendants; and (3) that his Fourth Amendment rights were violated by the unreasonable and warrantless search of Plaintiff's vehicle and property.

### V. INJUNCTIVE RELIEF

51. Plaintiff seeks injunctive relief against the County Defendants and City Defendants. Specifically, Plaintiff requests an injunction that orders County Defendants and City Defendants: (1) conduct investigative and disciplinary proceedings against the Deputies for their respective roles in violating Defendants' constitutional rights as set forth herein; (2) conduct a review of their existing policies and procedures, if any, with regard to the use of force in connection with arrests made by the Lampasas County Sheriff's Office; (3) that following that review, proposed amendments to those policies and procedures be presented to this Court for approval; and (4) that the Court order such amendments to Lampasas County's policies and procedures as it deems necessary to safeguard the constitutional rights of the citizens and others who may find themselves in Caldwell County, Texas.

## VI. ATTORNEY'S FEES

52. Plaintiff should be awarded reasonable attorney's fees in the discretion of the Court pursuant to 42 U.S.C. §§ 1983 and 1988 as a part of the costs associated with this case.

## VII. JURY DEMAND

53. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury "on all the issues so triable."

## VIII. CONCLUSION AND PRAYER

54. Defendants' conduct is unconscionable and criminal. The Deputies and Officers intentionally and knowingly conducted an illegal and unjustified assault on Plaintiff which seriously injured him. The Deputies then fabricated criminal charges against Plaintiff. The County and City Defendants caused and contributed to Plaintiff's damages by promoting, condoning, tolerating or permitting the use of excessive force and other violations of civil rights in connection with arrests and detentions through their customs, policies and practices. For these reasons, Plaintiff respectfully requests that he be awarded a judgment in his favor for the following:

(1) Plaintiff's past and future medical expenses;

(2) Plaintiff's past and future pain and suffering damages;

(3) Plaintiff's past and future mental anguish emotional distress damages;

(4) Plaintiff's past and future physical impairment damages;

(5) Damages attributable to Plaintiff's disfigurement caused by the injuries sustained as a result of the occurrence in question;

(6) Monetary damages for public humiliation and damage to his

reputation;

(7) Monetary damages relating to Plaintiff's illegal and unjust incarceration;

(8) Declaratory relief that Plaintiff's constitutional rights were violated as set forth herein;

(9) An order directing that Lampasas County and the Lampasas County Sheriff's Office: (1) conduct investigative and disciplinary proceedings against the Deputies for their respective roles in violating Defendants' constitutional rights as set forth herein; (2) conduct a review of their existing policies and procedures with regard to the use of force in connection with arrests made by the Lampasas County Sheriff's Office;

(10) that following that review, proposed amendments to those policies and procedures be presented to this Court for approval;

(11) that the Court order such amendments to Lampasas County and Lampasas County Sheriff's Office's policies and procedures as it deems necessary to safeguard the constitutional rights of the citizens and others who may find themselves in Lampasas County, Texas;

(12) Attorney's fees;

(13) Court costs;

(14) Pre and post-judgment interest; and

(15) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: *J. Bun Stapler* for
TBN 24013557
DANIEL A. CORBIN

State Bar No. 04814300

legal@corbinlegalteam.com

Tel: (254) 526-4523

Fax: (254) 526-6711

603 N. 8th St.

Killeen, TX 76541

Attorney for Plaintiff