### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| QUINTON ELDRIDGE CRUCE | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CAUSE NO. 1:18-CV-00420 |
| | § | |
| LAMPASAS COUNTY, TEXAS, THE | § | |
| CITY OF LAMPASAS, LAMPASAS | § | |
| COUNTY SHERIFF'S OFFICE, | § | |
| LAMPASES POLICE DEPARTMENT, | § | |
| OFFICER LARRY C. WILSON, | § | |
| OFFICER JOSH WATSON, DEPUTY | § | |
| LOGAN JONES AND DEPUTY DENNIS | § | |
| JAMES | § | |
| Defendants. | § | |

### THE CITY DEFENDANTS' ORIGINAL ANSWER

COMES NOW, Defendants The City of Lampasas (including the improperly identified as a separate party, Lampasas Police Department), Officer Larry C. Wilson, and Officer Josh Watson (hereinafter jointly referred to as "the City Defendants") and file this Original Answer and Defenses pursuant to the Federal Rules of Civil Procedure and would respectfully show this Court as follows:

### A.
### ORIGINAL ANSWER

1.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 1 of Plaintiff's Complaint.

2.     The City Defendants admit the first sentence, and are without knowledge or information sufficient to form a belief about the truth of the remainder of the information contained in Paragraph 2 of Plaintiff's Complaint.

3.    The City Defendants admit the allegations contained in the first two sentences of Paragraph 3 of Plaintiff's Complaint. These Defendants admit Plaintiff asserts his claims as alleged in the third sentence of Paragraph 3, but deny Plaintiff is entitled to the relief sought.

4.    The City Defendants admit the first sentence, and are without knowledge or information sufficient to form a belief about the truth of the remainder of the information contained in Paragraph 4 of Plaintiff's Complaint.

5.    The City Defendants admit the allegations contained in the first sentence of Paragraph 5 of Plaintiff's Complaint, but deny that the Police Department is a legal entity that can sue or be sued and therefore deny the second sentence of this Paragraph. These Defendants admit Plaintiff asserts his claims as alleged in the third sentence of Paragraph 5, but deny Plaintiff is entitled to the relief sought.

6.    The City Defendants admit the allegations contained in the first two sentences of Paragraph 6 of Plaintiff's Complaint. These Defendants admit Plaintiff asserts his claims as alleged in the third sentences of Paragraph 6, but deny Plaintiff is entitled to the relief sought.

7.    The City Defendants admit the allegations contained in the first two sentences of Paragraph 7 of Plaintiff's Complaint. These Defendants admit Plaintiff asserts his claims as alleged in the third sentences of Paragraph 7, but deny Plaintiff is entitled to the relief sought.

8.    The City Defendants admit the first sentence, and are without knowledge or information sufficient to form a belief about the truth of the remainder of the information contained in Paragraph 8 of Plaintiff's Complaint.

9.    The City Defendants admit the first sentence, and are without knowledge or information sufficient to form a belief about the truth of the remainder of the information contained in Paragraph 9 of Plaintiff's Complaint.

10.     The City Defendants deny the Court has jurisdiction over the Lampasas Police Department, as it is not a legal entity. These Defendants admit that this Court has jurisdiction over the remaining parties, as alleged in Paragraph 10 of Plaintiff's Complaint, subject to sovereign, official and individual immunities, statutory limitations, restrictions and conditions, and the other defenses asserted below.

11.     The City Defendants admit that this Court has jurisdiction over the type of claims alleged, as claimed in Paragraph 11 of Plaintiff's Complaint. These Defendants deny Plaintiff is entitled to such relief and deny that there is subject matter jurisdiction over the City Defendants as a result of immunity and the other defenses asserted below.

12.     The City Defendants admit that venue is proper, as alleged in Paragraph 12 of Plaintiff's Complaint.

13.     The City Defendants object to the content of Paragraph 13 of Plaintiff's Original Complaint as it does not comply with FRCP Rule 8(a) and is vague and indefinite and is a matter of opinion, not a statement of fact. Therefore, the Paragraph does not trigger the obligation to admit or deny the specific allegations made under FRCP Rule 8(b). To the extent of any such obligation, the allegations in this Paragraph, if any, are denied.

14.     The City Defendants object to the content of Paragraph 14 of Plaintiff's Original Complaint as it does not comply with FRCP Rule 8(a) and is vague and indefinite and is a matter of opinion, not a statement of fact. Therefore, the Paragraph does not trigger the obligation to admit or deny the specific allegations made under FRCP Rule 8(b). To the extent of any such obligation, the allegations in this Paragraph, if any, are denied.

15.     The City Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

16.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 16 of Plaintiff's Original Complaint.

17.     The City Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

18.     The City Defendants admit the allegations contained in the first sentence of Paragraph 18 of Plaintiff's Original Complaint. These Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in the remainder of this Paragraph.

20.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 20 of Plaintiff's Original Complaint.

21.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 21 of Plaintiff's Original Complaint with respect to how Plaintiff felt. These Defendants deny the remainder of this Paragraph.

22.     The City Defendants, based on the video footage, admit Deputy Jones took Plaintiff down to the ground, was over him and struck him in the face, as asserted in Paragraph 22 of Plaintiff's Original Complaint. These Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the first two sentences of this Paragraph as they are too vague and are matters of opinion; they are not statements of fact. These Defendants deny the last sentence of this Paragraph.

23.     The City Defendants admit that Officer Wilson attempted to restrain Plaintiff's legs in order to effect his arrest. These Defendants deny the remainder of the allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

24.     The City Defendants admit that the Jones dash cam video does not reflect footage of Plaintiff physically assaulting an officer or deputy, as alleged in in Paragraph 24 of Plaintiff's Original Complaint. These Defendants deny that any City Defendant assaulted Plaintiff, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the County Defendants.

25.     The City Defendants admit Plaintiff was transported to the Lampasas County Jail, was charged with the offenses identified, and that Deputy Jones prepared and executed a Probable Cause Affidavit, as alleged in Paragraph 25 of Plaintiff's Original Complaint. These Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the information in this Paragraph.

26.     The City Defendants deny the allegations made in Paragraph 26 of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

27.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information in Paragraph 27 of Plaintiff's Original Complaint.

28.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information in Paragraph 28 of Plaintiff's Original Complaint.

29.     The City Defendants deny the allegations made in Paragraph 29 of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information

sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants and the remainder of the allegations contained in this Paragraph.

30.      The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information in Paragraph 30 of Plaintiff's Original Complaint.

31.      The City Defendants admit the allegation made as to the City in Paragraph 31 of Plaintiff's Original Complaint, but are without knowledge or information sufficient to form a belief about the truth of the information with respect to the County Defendants.

32.      The City Defendants deny the allegations made in Paragraph 32 of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

33.      The City Defendants deny the allegations made in Paragraph 33 of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

34.      The City Defendants deny the allegations made in Paragraph 34 of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

35.      The City Defendants deny the allegations made in Paragraph 35 of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

36. The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information in Paragraph 36 of Plaintiff's Original Complaint.

37. The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information in Paragraph 37 of Plaintiff's Original Complaint.

38. The City Defendants admit Plaintiff seeks the relief alleged, but denies that he is entitled to relief under the statute identified in Paragraph 36*(sic)* of Plaintiff's Complaint.

39. The City Defendants admit the City received timely notice of Plaintiff's claim. These Defendants deny the remainder of the allegations made in Paragraph 37*(sic)* of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

40. The City Defendants deny the allegations made in Paragraph 38*(sic)* of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

41. The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information in Paragraph 39*(sic)* of Plaintiff's Original Complaint.

42. The City Defendants admit they are not entitled to 11th Amendment immunity. The City Defendants deny the remainder of the allegations made in Paragraph 40*(sic)* of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

43.     The City Defendants deny the liability allegations made in Paragraph 41*(sic)* of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants and/or the damages sought or allegedly sustained.

44.     The City Defendants deny the liability allegations made in Paragraph 42*(sic)* of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants and/or the damages sought or allegedly sustained.

45.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 43*(sic)* of Plaintiff's Original Complaint.

46.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 44*(sic)* of Plaintiff's Original Complaint.

47.     The City Defendants admit there was media coverage of the incident, but are without knowledge or information sufficient to form a belief about the truth of the remainder of the information contained in Paragraph 45*(sic)* of Plaintiff's Original Complaint.

48.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 46*(sic)* of Plaintiff's Original Complaint.

49.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the information contained in Paragraph 47*(sic)* of Plaintiff's Original Complaint.

50.     The City Defendants deny the allegations made in Paragraph 49*(sic)* of Plaintiff's Original Complaint with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

51.     The City Defendants admit that Plaintiff seeks the declarations identified in Paragraph 50*(sic)* of Plaintiff's Original Complaint. These Defendants deny he is entitled to the declarations stated with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

52.     The City Defendants admit that Plaintiff seeks the injunctive relief identified in Paragraph 51*(sic)* of Plaintiff's Original Complaint. These Defendants deny he is entitled to the relief stated with respect to their conduct, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the conduct of the County Defendants.

53.     The City Defendants admit Plaintiff seeks the relief identified in Paragraph 52*(sic)* of Plaintiff's Original Complaint. These Defendants deny Plaintiff is entitled to such relief from these Defendants, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the County Defendants.

54.     Paragraph 53*(sic)* does not contain information that needs to be admitted or denied.

55.     The City Defendants admit Plaintiff seeks the relief identified in Paragraph 54*(sic)* of Plaintiff's Original Complaint. These Defendants deny Plaintiff is entitled to such relief from these Defendants, and are without knowledge or information sufficient to form a belief about the truth of the information with respect to the County Defendants.

**B.**
**AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S CLAIMS**

1.      Officers Watson and Wilson would show that they are immune from any and all claims asserted against them, and assert official and qualified immunities from this suit, liability and/or damages. At all times relevant to the occurrence described in Plaintiff's pleadings, said Defendants were acting in their official capacity for a government entity, performing discretionary functions in good faith, and therefore, are immune from suit and liability. With the pleading of this defense, it is now Plaintiff's burden to provide specific and sufficiently detailed statements of the conduct for each of these individual Defendants and to identify how the immunity of each is overcome.  These Defendants ask that Plaintiff be ordered to amend his pleadings to specifically assert how each officer's individual immunity will or can be overcome, and that the claims be dismissed if and to the extent he is unable to establish the same.

2.      The City Defendants would show that the City of Lampasas, Texas, is a political subdivision of the State of Texas and enjoys sovereign immunity (immunity from suit and liability) except to the extent waived by an applicable statute. These Defendants assert the defense of sovereign immunity and the defenses and limitations set forth in any statute waiving immunity. The City Defendants further assert sovereign, governmental and/or prosecutorial immunities from this suit, liability and/or damages.

3.      The City Defendants further allege that the conduct of Plaintiff, whether acting singly or in concert with others, was the sole proximate cause, or alternatively, a proximate cause of Plaintiff's injuries and damages, if any. The conduct of Plaintiff himself at the time and on the occasion made the subject of this lawsuit, resulted in the injuries and damages claimed herein by Plaintiff, if any. These Defendants seek apportionment of fault and a reduction of any award, if any, for this comparative fault.

5.     The City Defendants would show that Plaintiff failed to mitigate the alleged injuries by negligent and/or intentional acts, whether individually or in any combination, and such failure was the sole, proximate and/or producing cause of the injuries alleged by Plaintiff. These Defendants seek a reduction of any award, if any, for this failure to mitigate.

6.     The City Defendants specifically deny that the Lampasas Police Department is a legal entity with the capacity to sue or be sued. Lampasas Police Department is a department within the City of Lampasas; it is not a separate entity. As such, it is not a proper party to this matter and all claims asserted against it should be dismissed.

7.     Answering further, should it be necessary, the City Defendants affirmatively plead the exemptions from liability contained in §§101.021, 101.0215(1), 101.026, 101.055, 101.056, 101.057, and 101.106 of the Texas Civil Practice and Remedies Code for the state law claims.

8.     The City Defendant would show that the City's liability for the Texas law claims, if any, is limited to the amount recited in §§101.023 and 101.024 of the Texas Civil Practice and Remedies Code.

9.     The City Defendants seek dismissal of the state law claims asserted against Officers Watson and Wilson pursuant to §101.106 of the Texas Civil Practice and Remedies Code. Plaintiff has irrevocably elected to pursue his state law claims against Defendant City of Lampasas with the filing of Plaintiff's Original Complaint.

10.     Upon trial of this suit, the jury should consider and apportion the responsibility of all parties, responsible third parties and settling parties, pursuant to the requirements of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

WHEREFORE PREMISES CONSIDERED, Defendants The City of Lampasas, Officer Larry C. Wilson, and Officer Josh Watson pray that this matter be set for trial with proper notice to all parties; and upon hearing, that judgment subsequently enter in favor of said Defendants; for an award of reasonable and necessary attorney's fees, and for such other and further relief to which these Defendants may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**
1717 W. 6th Street, Suite 300
Austin, Texas  78703
(512) 476-5300
FAX (512) 476-5771

By:  /s/Joanna Lippman Salinas
     Joanna Lippman Salinas
     State Bar No. 00791122
     joanna.salinas@fletcherfarley.com

Attorneys for Defendants,
*The City of Lampasas, Officer Larry C. Wilson, and Officer Josh Watson*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **The City Defendants' Original Answer** has been provided to the offices of:

Daniel A. Corbin
603 N. 8th Street
Killeen, Texas 76541

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on June 13, 2018.

/s/Joanna Lippman Salinas
Joanna Lippman Salinas